UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| PAT ASKE WIN JONES, | 4:21-CV-04161-LLP |
| Movant, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

On October 1, 2021, Pat Aske Win Jones ("Jones") filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. 1.)  She filed supplemental documents on October 5, 2021. (Doc. 3.)  The sole ground for relief asserted by Jones is ineffective assistance of counsel.

On January 11, 2022, the Court issued an Order directing the Clerk of Court to send the Order and the attached attorney-client privilege waiver form to Jones, so that the government could obtain an affidavit from former defense counsel responding to Jones's claims of ineffective assistance of counsel. (Doc. 8.)  The Order stated that if the attorney-client privilege waiver form was not signed and returned to the Clerk for filing within 30 days, the allegations of ineffective assistance of counsel would be stricken.  (*Id.*)  The form was not returned to the Clerk for filing.

On May 16, 2022, the Court issued a second Order directing Jones to sign and file the attorney-client privilege waiver form by June 16, 2022, or else the Court would need to decide whether to dismiss her case. (Doc. 9.)  Once again, the form was not returned to the Clerk for filing.

Federal Rule of Civil Procedure 41(b) allows a district court to dismiss an action if the plaintiff fails to comply with a court order. Fed.R.Civ.P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803–04 (8th Cir. 1986).  Under the same rule, a district court may dismiss an action for failure to prosecute.  Such authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of

pending cases. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (stating the district court possesses the power to dismiss sua sponte under Rule 41(b)).

Here, Jones has twice failed to comply with the Court's order directing her to sign and file an attorney-client privilege waiver form. Because the sole basis of Jones's § 2255 motion is alleged ineffective assistance of counsel, her failure to waive the attorney-client privilege has brought this case to a standstill. The case will be a year old on October 1, 2022, and Jones has done nothing to advance her case in the year since she filed it. Thus, Jones has failed to prosecute her case. Jones has offered no explanation for her failure to comply with the Court's orders or to prosecute her case, and the Court is not aware of any justifiable reasons for the failure to comply or to prosecute. A Rule 41(b) dismissal of this case likely is warranted under these circumstances.

However, dismissals "are drastic and extremely harsh sanction[s]." *Sterling v. United States*, 985 F.2d 411, 412 (8th Cir. 1993) (alteration in original) (internal quotation marks and citation omitted). "The sanction of dismissal is among the harshest of sanctions, and '[t]here is a strong policy favoring a trial on the merits and against depriving a party of his day in court.' " *Sentis Group, Inc. v. Shell Oil Co.*, 559 F.3d 888, 899 (8th Cir. 2009) (alteration in original) (quoting *Fox v. Studebaker–Worthington, Inc.*, 516 F.2d 989, 995–96 (8th Cir. 1975)). The Eighth Circuit has found dismissals proper under Rule 41(b) "only when there has been a clear record of delay or contumacious conduct by the plaintiff [.]" *DiMercurio v. Malcom*, 716 F.3d 1138, 1140 (8th Cir. 2013) (internal quotation marks and citations omitted). And the Eighth Circuit has admonished that this sanction "should only be used when lesser sanctions prove futile." *Id.* (internal quotation marks and citation omitted). When the Eighth Circuit reviews a Rule 41(b) dismissal, it looks at "the plaintiff's state of mind and the attendant circumstances." *Id.*

This Court also favors a decision on the merits of Jones's ineffective assistance of counsel claims, and it will make one more attempt to avoid dismissing Jones's § 2255 motion. Jones is again directed to sign and file the attorney-client privilege waiver form. The Eighth Circuit encourages district courts "to warn litigants when they are 'skating on the thin ice of dismissal.' " *Hunt v. City of Minneapolis*, 203 F.3d 524, 527 (8th Cir. 2000) (quoting *Rodgers v. Univ. of Missouri*,

2

135 F.3d 1216, 1221 (8th Cir. 1998)).  The Court warns Jones that if she does not sign and file the attorney-client waiver form, the Court will dismiss her § 2255 petition.  Accordingly,

**IT IS ORDERED:**

1. That the Clerk of Court shall send to Jones this Order and the attached attorney-client privilege waiver form;

2. That Jones shall sign and return to the Clerk of Court the attorney-client privilege waiver form on or before October 21 , 2022;

3. That if Jones does not sign and file the waiver form by October 21 , 2022, the Court will dismiss her motion filed pursuant to 28 U.S.C. § 2255.

Dated this 12th day of September, 2022.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

3