UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| PAT ASKE WIN JONES,<br>Petitioner | 4:21-cv-4161 |
| vs. | MEMORANDUM OPINION<br>AND ORDER |
| UNITED STATES OF AMERICA,<br>Respondent | |

Pending before the Court is Petitioner's motion for relief pursuant to 28 U.S.C. § 2255. (Doc. 1). Petitioner seeks re-sentencing or a retrial with a different attorney. (Id., PgID 13). The Government resists the motion and has moved to dismiss. (Doc. 15, 16). For the following reasons the Court grants the Government's motion to dismiss and denies Petitioner relief.

**A. Background**

Petitioner pleaded guilty to conspiracy to distribute a controlled substance in violation of 21 U.S.C. §§841(a)(1), 846. (4:20-cv-40049, hereinafter cited as "Cr. Doc."). The charges arose from a traffic stop which resulted in law enforcement's seizure of 4,535 grams of methamphetamine from Petitioner's car. Petitioner was

1

part of a large-scale drug conspiracy in which participants transported substantial quantities of methamphetamine for distribution within South Dakota. Petitioner's factual basis statement admits 4,535 grams of methamphetamine were found in her car and that she distributed over 500 grams. (Cr. Doc. 20, PgID 39).

This Court imposed a sentence of 120 months, the mandatory minimum, and five years supervised release. (Cr. Doc. 46). At sentencing, the Court reviewed Petitioner's plea agreement, and discussed with her the proviso that Petitioner declined to cooperate as part of the agreement (Cr. Doc. 21; 50). The Court also explained to her that she would not be eligible for relief under Rule 35. (Cr. Doc. 50, PgID 214-17). Petitioner did not appeal.

Petitioner alleges her counsel was ineffective in a number of ways, including failing to explain the charges, failing to request that the drugs seized from Petitioner's car be reweighed and to validate the weight, and failing to move for a severance. (Doc. 1, PgID 4). She also alleges counsel did not represent her properly, and explain the benefits of going to trial and appealing the judgment. (Id., PgID 10).

**B. Legal Standard**

    1. Motion pursuant to 28 U.S.C. § 2255

In accordance with 28 U.S.C. § 2255, "[a] prisoner in custody under sentence ... claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was

without jurisdiction to impose such sentence ... or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." Id. § 2255(a). See *Raymond v. United States*, 933 F.3d 988, 991 (8th Cir. 2019) (§ 2255 may provide relief for jurisdictional error, constitutional error, or error of law). If an error of law constitutes a "fundamental defect which inherently results in a complete miscarriage of justice," the court may grant relief. *Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011).

    2. Motion to Dismiss—F.R.C.P. 12(b)(6)

The Government has moved to dismiss Petitioner's motion under F.R.C.P. 12(b)(6). (Doc. 15). The standard governing dismissal of a Petitioner's motion pursuant to a motion to dismiss was set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) as follows: "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). See *Spagna v. Phi Kappa Psi, Inc.*, 30 F.4th 710, 715 (8th Cir. 2022) (dismissal proper where factual allegations failed to state a plausible claim for relief and amounted to only a possibility that relief was warranted); *Faulk v. City of St. Louis*, 30 F.4th 739, 744 (8th Cir. 2022) (quoting *Iqbal* standard and reversing denial of motion to dismiss).

    3. Ineffective Assistance of Counsel

Ineffective assistance of counsel serves as the basis for Petitioner's § 2255 motion, thus invoking the two-part standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must establish that counsel's performance was "deficient," meaning it "fell below an objective standard of reasonableness." *Id.* at 687-88. A mere assertion of ineffectiveness is insufficient. Rather the movant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* See also *Collins v. United States*, 28 F.4th 903, 906 (8th Cir. 2022). The court presumes counsel's representation was reasonable. *Thomas v. United States*, 737 F.3d 1202, 1207 (8th Cir. 2013). This means the court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance" to which a criminal defendant is entitled. *Meza-Lopez v. United States*, 929 F.3d 1041, 1044 (8th Cir. 2019) (quoting *Strickland*, 466 U.S. at 689). Counsel's performance is evaluated on the facts of the case, "viewed at the time of counsel's conduct." *Strickland*, 466 U.S. at 690. See also *Adejuma v. United States*, 908 F.3d 357, 361 (8th Cir. 2018) (risk to defendant from his perjury apparent only in hindsight); *Johnson v. United States*, 278 F.3d 839, 842 (8th Cir. 2002) (cautioning against "second guessing").

A petitioner has a second burden to address when alleging ineffective assistance of counsel. As *Strickland* held, the individual "must show that the

deficient performance prejudiced the defense." 466 U.S. at 687. In practice, this means the individual must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Allen v. United States*, 854 F.3d 428, 432 (8th Cir. 2017) (quoting *Strickland*, 466 U.S. at 694). See also *Theus v. United States*, 611 F.3d 441, 446 (8th Cir. 2010).

Strategic decisions by counsel are "virtually unchallengeable" unless they resulted from inadequate investigation. *Strickland*, 466 U.S. at 690. See also *Meza-Lopez*, 929 F.3d at 1044-45; *Chavez-Cruz v. United States*, 2018 WL 2383156, *2 (D. S.D. 2018); *Pippenger v. United States*, 2012 WL 3206244, *1 (D. S.D. 2012).

The *Strickland* standard applies not only to trial, but to the first appeal as of right. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985); *Pippenger*, 2012 WL 3206244, *1.

An allegation of ineffective assistance of counsel in the guilty plea context implicates additional considerations. As with all guilty pleas, the plea must be voluntary and intelligent. *Bousley v. United States*, 523 U.S. 614, 618, 118 S.Ct. 1694, 140 L.Ed.2d 828 (1998). To prevail on a claim of ineffective assistance of counsel where the individual has pleaded guilty, the individual must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *United States v. Frausto*, 754 F.3d

5

640, 643 (8th Cir. 2014) (quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)). A cautionary note is in order in this context, as the Eighth Circuit repeated the admonition that, "Courts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies." *Meza-Lopez*, 929 F.3d at 1045 (quoting *Lee v. United States*, ___ U.S. ___,137 S. Ct. 1958, 1967, 198 L.Ed.2d 476 (2017)).

When the defendant challenges the sentence received as a result of the plea and alleges ineffective counsel, Eighth Circuit guidance is comprehensive. As discussed in *United States v. Quiroga*, "inaccurate advice of counsel about the sentencing guidelines or likely punishment does not render involuntary a defendant's decision to plead guilty, so long as the defendant is informed of the maximum possible sentence permitted by statute and the court's ability to sentence within that range." 554 F.3d 1150, 1155 (8th Cir. 2009). In support of its position the court cited numerous cases, among them *United States v. Gomez*, 326 F.3d 971, 975 (8th Cir. 2003) (plea agreement stated its sentencing provisions were not binding on court; plea not involuntary when defendant was sentenced as career offender); *United States v. Spears,* 235 F.3d 1150, 1152 (8th Cir. 2001) (defendant's confusion about guidelines did not render plea involuntary); *United States v. Silva*, 430 F.3d 1096, 1100 (10th Cir. 2005) (guilty plea not involuntary when defendant was aware Government had not agreed to a specific sentence and he knew what the maximum

6

was). If a defendant challenges counsel's performance at sentencing after a guilty plea, the individual must show that counsel's performance was deficient and that the result would have been different. *King v. United States*, 595 F.3d 844, 852-53 (8th Cir. 2010). See also *Ghost Bear v. United States*, 2014 WL 37203, *7 (D.S.D. 2014) (defendant must show that but for counsel's deficient performance, he would have received a shorter sentence).

**C. Analysis**

Petitioner has alleged her counsel was ineffective in several ways, including the following:

1. Alleged failure to "effectively explain the charges."

Petitioner pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and 846. The record reflects a lengthy colloquy between Petitioner and the Magistrate Judge who accepted the plea. (Cr. Doc. 25). At that time, Petitioner confirmed that she understood the charges, was willing to waive her right to a trial, entered a guilty plea, and confirmed the factual basis. (Id.). The Magistrate found the plea was knowingly and voluntarily entered and recommended the Court accept it. (Id.). The Court adopted the report and recommendation. (Cr. Doc. 44). Defense counsel confirmed in her affidavit that she discussed the guilty plea with Petitioner numerous times, including details about a no-cooperation plea agreement which Petitioner desired. (Doc. 13, PgID 77). The Court also discussed that aspect and the loss of a Rule 35

reduction at sentencing. (Cr. Doc. 50, PgID 214-17). Counsel documented her extensive work with Petitioner in explaining both the charges and plea. (Doc. 13, PgID 77-78).

The Court finds counsel's performance was reasonable in explaining the charges and Petitioner suffered no prejudice. *Strickland,* 466 U.S. at 687-88. Petitioner's motion for relief on this basis is denied.

2. Alleged failure to ask that the drugs be reweighed

Petitioner pleaded guilty to possessing 4,535 grams (approximately 10 pounds) of methamphetamine found in her car. The amount of drugs placed her at offense level 38, with a Guidelines range of 235-293 months. The Court imposed a sentence of about half that range after appropriate adjustments were calculated, resulting in an offense level of 29 and criminal history category of I. Without some evidence that there was a significant error in the weight of the drugs Petitioner admitted to possessing, reweighing would have been fruitless. Petitioner advances no reason to think there was such an error. Furthermore, the mandatory minimum of ten years applies to possession of 50 grams or more of methamphetamine or 500 grams of a mixture containing methamphetamine. 21 U.S.C. § 841(b). There is no indication re-weighing would have produced an amount in Petitioner's possession approaching these lower quantities.

Counsel filed a lengthy sentencing memorandum. (Cr. Doc. 38). She was successful in obtaining an adjustment for minor participation for Petitioner in addition to the acceptance of responsibility adjustment. (Doc. 13, PgID 79). Counsel's actions resulted in a significant reduction in the possible penalty.

The Court finds counsel's performance was reasonable and Petitioner suffered no prejudice. There is no indication Petitioner would not have pleaded guilty with a re-weighing of the drugs. *Frausto*, 754 F.3d at 643. There is no evidence Petitioner would have received a shorter sentence had she not pleaded guilty. *Ghost Bear*, 2014 WL 37203, at *7. Petitioner's motion for relief on this basis is denied.

3. Alleged failure to file for severance of co-defendants

Petitioner was the only person charged in the indictment. There were no co-defendants and therefore there was no basis for a motion to sever. Petitioner was alleged to have participated in a large and wide-ranging conspiracy to distribute methamphetamine, but the co-conspirators were charged separately.

Petitioner's claim is without factual or legal foundation. There is no indication of deficient performance by counsel or prejudice to Petitioner. The Court denies Petitioner's motion for relief on this basis.

4. Alleged failure to explain benefits of trial

Counsel's affidavit recounts in detail her interactions with Petitioner with respect to the charges, possible plea of guilty, and possible sentence. (Doc. 13).

Petitioner does not support her allegation, which is contradicted by counsel's affidavit. Furthermore, during the plea colloquy, Petitioner admitted she had discussed the charges with counsel and was satisfied with counsel's advice and representation. (Cr. Doc. 48, PgID 149, 158).

The Court notes that Petitioner received the benefit of a reduced offense level and resulting lower sentence based on her plea of guilty. Had she been convicted at trial, her sentencing range would have been substantially higher. There is no indication she would not have pleaded guilty under the circumstances of her case. *Frausto*, 754 F.3d at 643. The Court finds counsel's performance was reasonable and Petitioner suffered no prejudice. The Court denies Petitioner's motion for relief on this basis.

5. Alleged failure to explain benefits of appeal

During the sentencing hearing, the Court advised Petitioner that she had waived her right to appeal most issues as part of her plea bargain. Petitioner stated she understood that waiver. (Cr. Doc. 50, PgID 221-22). The Court notes Petitioner received a mandatory minimum sentence, and there was no upward variance or other basis for an appeal by Petitioner. Furthermore, counsel indicates in her affidavit that she discussed with Petitioner that as part of the plea agreement she would waive her right to appeal most issues. (Doc. 13, PgID 79). The plea transcript confirms

Petitioner was advised of the extent of her appeal rights in connection with her guilty plea. (Cr. Doc. 48, PgID 159).

There is no indication Petitioner advised counsel she wanted to file an appeal and that counsel did not do so. *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014) (citing *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000)). Petitioner has supplied no facts to support her allegation. The Court finds counsel's performance in this context was reasonable and Petitioner suffered no prejudice. The Court denies Petitioner's motion for relief on this basis.

### D. Evidentiary Hearing and Certificate of Appealability

If the motion, files, and records of the case conclusively establish that the petitioner is not entitled to relief, the court can dispense with an evidentiary hearing. *See Garcia v. United States*, 679 F.3d 1013, 1014 (8th Cir. 2012). The court may deny an evidentiary hearing if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Sellner*, 773 F.3d at 929 (quoting *Thomas*, 737 F.3d at 1206-07). There is no need for an evidentiary hearing in this case because it is clear from the record that Petitioner's claims do not warrant relief under 28 U.S.C. § 2255. *Walker v. United States*, 810 F.3d 568, 580 (8th Cir. 2016)

(affirming denial of evidentiary hearing where no further factual development needed).

When the district court has denied a motion under 28 U.S.C. § 2255, the Petitioner may not appeal without a certificate of appealability. Such a certificate may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir.1997). Petitioner has not made a substantial showing of the denial of a constitutional right and the certificate of appealability will not issue.

**Conclusion**

To prevail on her claim of ineffective assistance of counsel, Petitioner would have to show deficient performance and prejudice. Although she has alleged deficiencies connected to counsel's explaining the charges, asking for reweighing of the drugs seized from Petitioner's car, moving for severance and explaining the benefits of trial and appeal, the Court has found no evidence of deficient performance by her counsel. Counsel's efforts assisted in obtaining a reduced offense level and the Court ultimately imposed the mandatory minimum rather than

a higher sentence. Petitioner has not only failed to show deficient performance, she has shown no evidence of prejudice.

Accordingly, IT IS ORDERED that

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. 1), is denied; and

2. The Government's motion to dismiss, (Doc. 15), is granted.

Dated this 21st day of March, 2023.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

_____